IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


RICHARD L. DUMAS, #118559,
      Petitioner,

vs.                                    Case No.:  3:08cv98/LAC/EMT

WALTER A. McNEIL,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Now pending is Petitioner's response to an order of this court directing him to show cause why the instant habeas action should not be dismissed for lack of jurisdiction (*see* Docs. 11, 12). The filing fee has been paid.

Petitioner is a state prisoner incarcerated at Wakulla Correctional Institution. Following a jury trial, Petitioner was convicted in the Circuit Court in and for Escambia County, Florida, of burglary of an unoccupied dwelling (Doc. 1 at 1). Petitioner was sentenced on February 11, 2000, to forty (40) years in state prison as a habitual felony offender (*id*. at 1, 4). In the instant petition, Petitioner acknowledges that he previously filed a petition for writ of habeas corpus challenging this conviction and/or sentence in the United States District Court for the Northern District of Florida, Dumas v. Moore, et al., Case No. 3:02cv429/RV (*id*. at 3). The court takes judicial notice that the petition was denied with prejudice pursuant to a report and recommendation determining that the evidence at trial was sufficient to sustain the verdict, and that the Eleventh Circuit denied Petitioner's motion for a certificate of appealability because Petitioner had failed to make a substantial showing of a denial of a constitutional right (*see* Dumas v. Moore, et al., Case No. 3:02cv429/RV (Docs. 15, 47)).

Petitioner has now filed another section 2254 petition in which he lists the same conviction as the "judgment of conviction/sentence under attack" (*see* Doc. 1 at 1).  This court issued an order directing Petitioner to state whether he obtained an order from the Eleventh Circuit authorizing this court to consider his successive petition and, if not, why the instant petition should not be dismissed (Doc. 11).  In response, Petitioner submitted a Motion to Request Stay of Proceedings (Doc. 12), along with a copy of an application to the Eleventh Circuit, dated May 1, 2008, for leave to file a second or successive petition (*id*.).  Petitioner requests that this court grant a stay of these proceedings pending the outcome of the Eleventh Circuit's decision regarding whether to grant Petitioner's application for leave to file a second or successive habeas petition (*id*. at 1).

It is well established that some types of collateral challenge do not render subsequent habeas petitions "second or successive."  *See* Slack v. McDaniel, 529 U.S. 473, 487, 120 S. Ct. 1595, 1605,146 L. Ed. 2d 542 (2000) (dismissal of petitioner's section 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643– 44, 118 S.Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); McIver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive");  Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later section 2254 petition successive);  Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (section 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

In the instant case, the claims in Petitioner's first federal habeas petition were denied on the merits.  Thus, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A).  Furthermore, although Petitioner has submitted an application to the Eleventh Circuit requesting leave to file a second or successive habeas petition, he has not yet obtained the requisite permission from the Eleventh Circuit in order to file this petition.  This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition.  For this reason, this

case should be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit to pursue a second or successive petition.

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's habeas petition (Doc. 1) be **DISMISSED without prejudice** for lack of jurisdiction.

At Pensacola, Florida this 15th day of May 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**